**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIKAS TURAN,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 22-1096<br><br>Agency No.<br>A216-274-209<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2023[**]
San Jose, California

Before: GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Petitioner Vikas Turan petitions for review of the Board of Immigration

Appeals ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ")

denial of his applications for asylum, withholding of removal, and relief under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo the BIA's legal conclusions, and we review its factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), meaning that the evidence *compels* the conclusion that the findings are erroneous, *see Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  We deny the petition for review.

**1. Asylum and Withholding of Removal.**  The agency denied asylum on the ground that Turan failed to establish that the Indian government was unable or unwilling to control the supporters of Baba Ram Rahim.  The BIA's decision is supported by substantial evidence.

Turan argues that the Indian government was unwilling to control his persecutors because Baba Ram Rahim was connected to the Bharatiya Janata Party ("BJP"), the political party in power nationally and in Haryana.  Additionally, he contends that, because the police did not help his mother when she reported the abuse, the government was unwilling to assist him.  His mother's report, however, occurred almost a year after the initial attack, after Turan had left the country, and after Baba Ram Rahim had been incarcerated and had lost a significant amount of power and support.  The Indian government made attempts to subdue Baba Ram Rahim and his sect, most notably by prosecuting Baba Ram Rahim for his criminal

acts. Importantly, Baba Ram Rahim lost a significant number of followers after his incarceration, indicating the Indian government's ability and willingness to subdue Baba Ram Rahim and his followers. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (noting that efforts to subdue violent nonstate actors suggests a government's willingness and ability to control them (citing *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004))).

Where a petitioner "has not met the lesser burden of establishing his eligibility for asylum, he necessarily has failed to meet the more stringent 'clear probability' burden required for withholding of removal." *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (quoting *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)) (alteration adopted). Because Turan failed to establish his eligibility for asylum, the agency also properly denied his claim for withholding of removal. *See id.*

**2. Convention Against Torture.** To establish a claim for relief under CAT, Turan must show that it is more likely than not that he will be tortured if removed to India. 8 C.F.R. § 208.16(c)(2). Torture is "more severe than persecution." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (citation omitted).

Substantial evidence supports the BIA's determination that Turan failed to establish a sufficient likelihood of future torture. Turan argues that he would be subject to torture by Baba Ram Rahim supporters if he returned to India, despite

their reduced numbers, but he does not address whether the government would acquiesce in any such harm. Thus, he has forfeited that argument. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that a petitioner forfeits an issue by not raising it "specifically and distinctly" in the opening brief (citation omitted)); *see also B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) ("CAT protection cannot be granted unless an applicant shows a likelihood of torture that 'is inflicted . . . with the consent or acquiescence of a public official . . . .'" (quoting 8 C.F.R. § 208.18)).

**PETITION DENIED.**